JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
DAVID C. KIEBLER
Nevada Bar No. 16724
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
 *JDunn@GGTrialLaw.com*
 *MHale@GGTrialLaw.com*
 *DKiebler@GGTrialLaw.com*

Attorneys for Plaintiff
Alysia Nerio-Osai

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ALYSIA NERIO-OSAI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PILOT TRAVEL CENTERS LLC dba PILOT COMPANY, a Delaware corporation,<br><br>Defendant. | Case No.:<br>**COMPLAINT FOR DAMAGES**<br>**(1) DISCRIMINATION (N.R.S. § 613.330);**<br>**(2) DISCRIMINATION (42 U.S.C. § 12112 *et seq.*);**<br>**(3) HARASSMENT (N.R.S. § 613.330);**<br>**(4) HARASSMENT (42 U.S.C. § 12112 *et seq.*);**<br>**(5) RETALIATION (N.R.S. § 613.340);**<br>**(6) RETALIATION (42 U.S.C. § 12203 *et seq.*);**<br>**(7) FAILURE TO PROVIDE REASONABLE ACCOMMODATION (N.R.S. § 613.330);**<br>**(8) FAILURE TO PROVIDE REASONABLE ACCOMMODATION (42 U.S.C. § 12112(b)(5)(A));**<br>**(9) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>**(10) BATTERY.**<br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1.    Plaintiff Alysia Nerio-Osai ("Plaintiff" or "Ms. Nerio-Osai") alleges as follows:

**JURISDICTION AND VENUE**

2.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's claims for damages arise, in part, under 42 U.S.C. § 12112 *et seq.* and 42 U.S.C. § 12203 *et seq.* The Court has supplemental jurisdiction over the remaining state statutory claims pursuant to 28 U.S.C. § 1367, given that all the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

3.    Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to each of Plaintiff's claims occurred in Lyon County, Nevada.

**NATURE OF THE ACTION**

4.    Ms. Nerio-Osai began working for Pilot Travel Centers LLC as a Food Production Team Member in March 2023. Beginning May 2023, Ms. Nerio-Osai suffered ongoing disability-based harassment from coworkers questioning her permanent disabilities. On or about May 18, 2025, Ms. Nerio-Osai filed a formal harassment complaint through the company's EthicsPoint system. Following her complaints, Defendants placed Ms. Nerio-Osai on unpaid leave and required new ADA accommodation forms. On or about June 5, 2025, Pilot Company terminated Ms. Nerio-Osai's employment on a false and pretextual basis. Pilot Company terminated Plaintiff in retaliation for her protected activity and in discrimination based on her disabilities.

**PARTIES**

5.    Plaintiff is and was at all relevant times herein, a resident of Lyon County, Nevada.

6.    Defendant Pilot Travel Centers LLC dba Pilot Company, hereafter referred to as "Pilot Company," is a Delaware limited liability company that conducts business in Lyon County

**FACTUAL ALLEGATIONS**

7.    On or about March 2023, Ms. Nerio-Osai began working as a Food Production Team Member/Cashier for Pilot Travel Centers LLC.

8.    Ms. Nerio-Osai suffers from permanent disabilities resulting from multiple car accidents in 2017, including permanent spine and hip disabilities, back pain, high sensitivity to

-2-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

touch, and permanent effects from a concussion requiring ongoing medical treatments and workplace accommodations.

9. Before actually starting work in March 2023, Ms. Nerio-Osai disclosed her disabilities to her manager and provided a doctor's note detailing her accommodation needs, including lifting restrictions, need to sit/lean for 15 minutes every hour as needed, inability to wear headsets or visors due to migraines, and requirement for looser fitting clothing due to sensitivity.

10. From approximately May 2023 through April 2025, Ms. Nerio-Osai was subjected to ongoing disability-based harassment by coworkers who questioned whether her disability was real, made comments that it was unfair for her to sit down, and made statements such as "Maybe if I touch her we can see if she's actually hurt," with coworkers physically touching her back without consent to "test" if her disability was real. Moreover, one coworker pulled her chair away as she was sitting down, nearly causing her to fall.

11. On or about May 18, 2025, Ms. Nerio-Osai filed a formal harassment complaint through the company's EthicsPoint system regarding the ongoing disability-based harassment, including the physical touching incidents and chair-pulling incident.

12. On or about May 21, 2025, Ms. Nerio-Osai texted her supervisors and managers about the harassment incidents with coworkers Venus and Virginia, including the physical touching and chair-pulling incident.

13. On or about May 29, 2025, Pilot Travel Centers LLC placed Ms. Nerio-Osai on unpaid leave and required her to complete new ADA accommodation forms before she could return to work, despite having successfully accommodated her physician's restrictions for over two years without issue.

14. On or about May 31, 2025, Ms. Nerio-Osai completed and submitted the required ADA accommodation paperwork confirming her permanent restrictions, which were now lesser in degree than those she had worked with successfully for over two years.

15. On or about June 2, 2025, Defendant confirmed receipt of the completed accommodation forms.

16. On or about June 5, 2025, Pilot Travel Centers LLC terminated Ms. Nerio-Osai's

-3-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

employment on the false and pretextual basis that they were unable to provide reasonable accommodation and that no open positions existed for which she was qualified, despite having successfully accommodated her less restrictive restrictions for over two years.

17.    *Summary of Plaintiff's Protected Statuses and Activity*: Ms. Nerio-Osai's suffers from disabilities, including permanent spine and hip disabilities, back pain, high sensitivity to touch, and permanent effects from a concussion. Ms. Nerio-Osai's protected activities include requesting and receiving accommodation for her disability and complaining about disability-based harassment by filing a formal harassment complaint through the company's EthicsPoint system.

18.    On August 20, 2025, Plaintiff timely dual filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Nevada Equal Rights Commission ("NERC"). On January 6, 2026, the EEOC closed Plaintiff's case without making findings and issued her an immediate right-to-sue notice. Plaintiff timely filed the instant lawsuit within 90 days of the right-to-sue notice.

19.    *Punitive damages*: Plaintiff is entitled to punitive damages. (42 U.S.C. § 1981a(b); Nevada Revised Statute ("N.R.S.") 42.001, 42.007.)

20.    *Reckless Indifference and Conscious Disregard*: Defendants Pilot Travel Centers LLC knew of the probable economic harm and emotional distress that would ensue as a result of the wrongful conduct perpetrated. Yet Defendants Pilot Travel Centers LLC willfully and deliberately caused the wrongful conduct, both through its actions and inactions.

21.    *Malice*: The conduct of Defendants Pilot Travel Centers LLC was committed with malice, including that (a) Defendants Pilot Travel Centers LLC acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of their good faith complaints, and/or (b) the conduct of Defendants Pilot Travel Centers LLC was despicable and committed in willful and conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

22.    *Oppression:* In addition, and/or alternatively, The conduct of Defendant was

-4-

committed with oppression, including that the actions of Defendants Pilot Travel Centers LLC against Plaintiff were cruel and subjected her to unjust hardship and with conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

23. *Fraud:* In addition, and/or alternatively, the conduct of Defendant Pilot Company, as alleged, was fraudulent, including that Defendant Pilot Company asserted false and pretextual grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby causing Plaintiff hardship and deprive her of legal rights or otherwise injure Plaintiff.

24. Further, Defendant Pilot Company is liable for the wrongful acts of its employees, including its supervisory personnel, because Defendant Pilot Company had advance knowledge that these employees were unfit for the purposes of the employment and yet employed these employees with a conscious disregard for the rights or safety of others. (42 U.S.C. § 2000e(b); N.R.S. 42.007.)

## FIRST CLAIM FOR RELIEF

### Workplace Discrimination in Violation of N.R.S. § 613.330

25. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

26. Plaintiff was employed by Defendant Pilot Company, as defined by N.R.S. § 613.310, and thus is prohibited from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613 *et seq.* Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

27. Plaintiff was employed by Defendant Pilot Company. Defendant is an employer as defined by N.R.S. § 613.310, and is thus prohibited from discriminating against any employee.

28. The acts and omissions of Defendant Pilot Company, as more fully set forth herein, constituted discrimination within the meaning of N.R.S. § 613.330.

29. Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect and termination of employment on the basis of discrimination is the type of injury prohibited by N.R.S. § 613.330.

30.    Plaintiff charges that Defendant Pilot Company discriminated against the Plaintiff based on her protected status or statuses.

31.    Plaintiff charges that  Defendant Pilot Company discriminated against the Plaintiff because Plaintiff inquired about, discussed, or voluntarily disclosed her wages or the wages of another employee.

32.    As a direct and proximate result of the violations and conduct described herein, Plaintiff was subjected to unlawful discrimination, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

33.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under N.R.S. § 613.432 and 42 U.S.C. § 2000e-5(k).

34.    The acts of Defendant Pilot Company alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Pilot Company, and to make an example of and deter Defendant Pilot Company from engaging in such conduct in the future.

## SECOND CLAIM FOR RELIEF

**Workplace Discrimination in Violation of 42 U.S.C. § 12112 et seq.**

35.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

36.    Plaintiff is a member of the class of persons protected by federal statutes prohibiting discrimination based on disability.

37.    Defendant Pilot Company, employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was prohibited from discriminating against qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(a).

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

38. Plaintiff has a disability or disabilities as defined by 42 U.S.C. § 12102(1).

39. Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

40. Defendant Pilot Company took adverse employment actions against Plaintiff because of her disability or disabilities, including the decisions to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

41. The discriminatory acts of Defendant Pilot Company constitute a violation of the Americans with Disabilities Act (ADA), which makes it unlawful for an employer to discriminate against an employee on the basis of disability.

42. The discriminatory acts of Defendant Pilot Company have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

43. The acts of Defendant Pilot Company alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Pilot Company LLC, and to make an example of and deter Defendant Pilot Company from engaging in such conduct in the future.

44. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

///

///

///

///

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## THIRD CLAIM FOR RELIEF

### Workplace Harassment in Violation of N.R.S. § 613.330 *et seq.*

45.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

46.    Plaintiff was employed by Defendant Pilot Company.

47.    The acts and omissions of Defendant Pilot Company, as more fully set forth herein, constituted harassment on the bases of Plaintiff's protected status or statuses.

48.    Plaintiff is within the class of persons that N.R.S. 613.330 intends to protect and harass on the basis of her protected status or statuses is the type of injury prohibited by N.R.S. 613.330.

49.    Plaintiff was subjected to slurs, insults, jokes, other verbal comments, and/or intimidation based on her protected status or statuses.

50.    The harassing conduct was severe or pervasive to alter the conditions of Plaintiff's employment and created a work environment that was abusive, intimidating, hostile, or offensive to employees possessing the protected traits of Plaintiff, and unreasonably interfered with Plaintiff's work performance.

51.    Plaintiff perceived the working environment to be abusive or hostile, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive. Plaintiff did in fact consider the work environment to be hostile or abusive.

52.    At the time of the relevant conduct, those who personally perpetrated the harassment were acting as Plaintiff's supervisors.

53.    Defendant Pilot Company had a duty to prevent and promptly correct the harassing behavior. Defendant Pilot Company breached this duty by failing to prevent the harassment, despite having prior knowledge of the harassing conduct. Defendant Pilot Company similarly breached its duty by failing to remedy the harassment.

54.    As a direct and proximate result of the violations herein, Plaintiff was subjected to unlawful harassment, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and

emotional injury, pain and distress.

55.     The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Pilot Company, and to make an example of and deter Defendant Pilot Company from engaging in such conduct in the future.

56.     Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

### FOURTH CLAIM FOR RELIEF

### Workplace Harassment in Violation of 42 U.S.C. § 12112 *et seq.*

57.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

58.     Plaintiff has a disability as defined by 42 U.S.C. § 12102(1).

59.     Plaintiff is a member of the class of persons protected by federal statutes prohibiting harassment based on disability.

60.     Defendant Pilot Company, employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was prohibited from harassing qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(a).

61.     Plaintiff was subjected to slurs, insults, jokes, other verbal comments, and/or intimidation based on her disability.

62.     The harassing conduct was severe or pervasive to alter the conditions of Plaintiff's employment and created a work environment that was abusive, intimidating, hostile, or offensive to employees possessing the protected traits of Plaintiff, and unreasonably interfered with Plaintiff's work performance.

63.     Plaintiff perceived the working environment to be abusive or hostile, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be

-9-

hostile or abusive. Plaintiff did in fact consider the work environment to be hostile or abusive.

64.     At the time of the relevant conduct, those who personally perpetrated the harassment were acting as Plaintiff's supervisors.

65.     Defendant Pilot Company had a duty to prevent and promptly correct the harassing behavior. Defendant Pilot Company breached this duty by failing to prevent the harassment, despite having prior knowledge of the harassing conduct. Defendant Pilot Company similarly breached its duty by failing to remedy the harassment.

66.     As a direct and proximate result of the violations herein, Plaintiff was subjected to unlawful harassment, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

67.     The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Pilot Company, and to make an example of and deter Defendant Pilot Company from engaging in such conduct in the future.

68.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

### FIFTH CLAIM FOR RELIEF

**Workplace Retaliation in Violation of N.R.S. § 613.340**

69.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

70.     Plaintiff was employed by Defendant Pilot Company.

71.     Plaintiff engaged in protected activity.

72.     Defendant Pilot Company was aware of Plaintiff's protected activity.

73.     After engaging in protected activity, Plaintiff suffered an adverse employment

action.

74.    There is a causal connection between Plaintiff's protected activity and the adverse employment action.

75.    The conduct of Defendant Pilot Company alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

76.    The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Pilot Company, and to make an example of and deter Defendant Pilot Company from engaging in such conduct in the future.

77.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

## SIXTH CLAIM FOR RELIEF

### Retaliation in Violation of 42 U.S.C. § 12203 *et seq.*

78.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

79.    Plaintiff is within the class of persons that 42 U.S.C. § 12203 intends to protect and retaliation for engaging in protected activity is the type of injury prohibited by 42 U.S.C. § 12203.

80.    Plaintiff was an "employee" of Defendant Pilot Company, as defined by 42 U.S.C. § 12111(4).

81.    Defendant Pilot Company was an employer, as defined by 42 U.S.C. § 12111(5), and thus was barred from retaliating against any person for opposing or reporting any unlawful discrimination or harassment against employees on a protected basis as set forth in 42 U.S.C. § 12101 *et seq.* as well as against any person for requesting an accommodation as provided under the

-11-

same the statute.

82.     Plaintiff opposed and reported discriminatory or harassing conduct prohibited by 42 U.S.C. § 12101 *et seq*. and/or requested an accommodation as provided under the same statute.

83.     As a result of Plaintiff's complaints regarding, opposition to, and/or requests for accommodation related to these unlawful practices, Defendant Pilot Company engaged in a course of retaliatory conduct, which included subjecting Plaintiff to a hostile work environment.

84.     The conduct of Defendant Pilot Company constitutes retaliation in violation of the Americans with Disabilities Act of 1990, as amended, which makes it unlawful for an employer to retaliate against an employee who complains about, opposes discrimination or harassment, or requests an accommodation.

85.     The conduct of Defendant Pilot Company alleged herein has caused damage and harm to Plaintiff, including past and future lost earnings, salary, and other employment benefits,  in an amount according to proof at trial.

86.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

### SEVENTH CLAIM FOR RELIEF

**Failure to Provide Reasonable Accommodation in Violation of N.R.S. § 613.330**

87.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

88.     Plaintiff was employed by Defendant Pilot Company, as defined by N.R.S. § 613.310.

89.     Employers are prohibited from discriminating against any employee with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of disability as set forth in N.R.S. § 613 *et seq.* Failing to provide reasonable accommodation to qualified individuals with disabilities is one such type of actionable discrimination.

90.     Plaintiff has a disability as defined by N.R.S. § 613.310. Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect.

-12-

91.    Plaintiff requested reasonable accommodation for her disability.

92.    Defendant Pilot Company failed to provide reasonable accommodation for Plaintiff's disability.

93.    The failure of Defendant Pilot Company to provide reasonable accommodation constitutes a violation of N.R.S. § 613.330.

94.    The acts of Defendant Pilot Company alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

95.    The acts of Defendant Pilot Company alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Pilot Company, and to make an example of and deter Defendant Pilot Company from engaging in such conduct in the future.

96.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

### EIGHTH CLAIM FOR RELIEF

**Failure to Provide Reasonable Accommodation in Violation of 42 U.S.C. § 12112(b)(5)**

97.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

98.    Plaintiff is a member of the classes of persons protected by federal statutes requiring reasonable accommodation for disabilities.

99.    Plaintiff was an employee, as defined by 42 U.S.C. § 12111(4).

100.    Defendant Pilot Company employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was required to provide reasonable accommodation to qualified individuals with

disabilities as set forth in 42 U.S.C. § 12112(b)(5).

101.    Plaintiff has a disability as defined by 42 U.S.C. § 12102(1).

102.    Plaintiff requested reasonable accommodation for her disability.

103.    Defendant Pilot Company failed to provide reasonable accommodation for Plaintiff's disability.

104.    The failure of Defendant Pilot Company to provide reasonable accommodation constitutes a violation of the ADA, which makes it unlawful for an employer to fail to provide reasonable accommodation to an employee with a disability.

105.    The acts of Defendant Pilot Company alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

106.    The acts of Defendant Pilot Company alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Pilot Company, and to make an example of and deter Defendant Pilot Company from engaging in such conduct in the future.

107.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

108.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

///

///

///

-14-

## <u>NINTH CLAIM FOR RELIEF</u>

### Intentional Infliction of Emotional Distress

### (Plaintiff Alysia Nerio-Osai against Defendants Pilot Travel Centers LLC)

109. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

110. Plaintiff was subjected to extreme and outrageous conduct when her coworkers intentionally engaged in non-consensual physical touching of Plaintiff's body and physically endangered her by pulling a chair from beneath her as she attempted to sit, conduct that exceeded all bounds of decency tolerated in a civilized society.

111. Defendants Pilot Travel Centers LLC, through their supervisors, managers, and agents, had actual knowledge of the physical assaults and batteries committed against Plaintiff after Plaintiff reported the conduct through the company's EthicsPoint system and directly to management. Despite this knowledge, Defendants failed to take prompt or effective corrective action, failed to discipline or remove the perpetrators, and failed to protect Plaintiff from further physical misconduct. By these acts and omissions, Defendants expressly and impliedly ratified the outrageous conduct.

112. Defendants' ratification of the physical assaults and batteries was intentional or carried out with reckless disregard of the probability of causing Plaintiff severe emotional distress. As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe emotional distress, including fear, shock, anxiety, humiliation, emotional anguish, and mental suffering, in an amount to be proven at trial.

113. 113. Defendants' conduct was willful, oppressive, malicious, and undertaken with conscious disregard for Plaintiff's rights and safety, thereby entitling Plaintiff to an award of punitive damages, together with costs pursuant to N.R.S. § 18.020.

/ / /

/ / /

/ / /

/ / /

-15-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**TENTH CLAIM FOR RELIEF**

**Battery**

**(Plaintiff Alysia Nerio-Osai against Defendants Pilot Travel Centers LLC)**

114.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

115.    By the actions described hereinabove, Defendants Pilot Travel Centers LLC intentionally and/or recklessly subjected Plaintiff to severe mental and emotional distress through the battery committed by Plaintiff's coworkers, including non-consensual physical touching of Plaintiff's body and the pulling of a chair from beneath Plaintiff as she attempted to sit. Defendants, through their supervisors, managers, and agents, had actual knowledge of this physical misconduct after Plaintiff reported it through the company's EthicsPoint system and directly to management, yet failed to take prompt or adequate corrective action. Instead, Defendants ratified and adopted the battery by permitting the offending employees to remain unpunished and by allowing the physical misconduct to go unaddressed.

116.    As a direct and proximate result of the battery committed by Plaintiff's coworkers and ratified by Defendants Pilot Travel Centers LLC, Plaintiff endured and sustained actual damages, including financial hardship and severe mental and emotional suffering in the form of fear, shock, anguish, nervousness, stress, and anxiety, in an amount subject to proof at trial.

117.    The actions and omissions of Defendants Pilot Travel Centers LLC were intentional and done with willful disregard for Plaintiff's rights to be free from harmful and offensive physical contact in the workplace. After receiving notice of the battery, Defendants knowingly failed to discipline the perpetrators, prevent further physical contact, or protect Plaintiff, thereby expressly and impliedly ratifying the battery. Such conduct was willful, oppressive, malicious, and carried out with conscious disregard for Plaintiff's safety, entitling Plaintiff to an award of punitive damages in an amount to be proven at trial.

/ / /

/ / /

/ / /

-16-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    For compensatory damages and other special and general damages according to proof, including, without limitation, lost earnings, salary, bonuses, and other job benefits Plaintiffs would have received but for Defendant's wrongful conduct;

2.    Emotional distress damages;

3.    Punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future;

4.    For an award of reasonable attorneys' fees and costs incurred in this action;

5.    For pre-judgment and post-judgment interest, as provided by law; and

6.    For other and further relief as the Court may deem just and proper.

DATED: February 4, 2026                  GREENBERG GROSS LLP


By:    */s/ Jemma E. Dunn*
         Jemma E. Dunn
         Matthew T. Hale
         David C. Kiebler

         Attorneys for Plaintiff
         Alysia Nerio-Osai

-17-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

Plaintiff Alysia Nerio-Osai hereby demands a jury trial.


DATED: February 4, 2026                    GREENBERG GROSS LLP



                                    By:    */s/ Jemma E. Dunn*
                                           Jemma E. Dunn
                                           Matthew T. Hale
                                           David C. Kiebler

                                           Attorneys for Plaintiff
                                           Alysia Nerio-Osai

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL